Janine S. Simerly (SBN 102361)
*jss@millerlawgroup.com*
Lisa C. Hamasaki (SBN 197628)
*lch@millerlawgroup.com*
Jennifer Cotner (SBN 255785)
*jrc@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
LUCASFILM ENTERTAINMENT COMPANY LTD.

Angela Alioto (SBN 130328)
Stephen L. Robinson (SBN 116146)
LAW OFFICES OF JOSEPH L. ALIOTO AND ANGELA ALIOTO
700 Montgomery Street
San Francisco, CA 94111
Tel: (415) 434-8700
Fax: (415) 438-4638

Jody A. Meisel (SBN 109610)
Law Offices of Jody A. Meisel
2632 Larkin Street, Suite O
San Francisco, CA 94109
Tel: (415) 563-2688
Fax: (415) 884-2790

Attorneys for Plaintiff
TABITHA TOTAH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TABITHA TOTAH,

Plaintiff(s),

v.

LUCASFILM ENTERTAINMENT COMPANY, LTD., Does 1-20,

Defendant(s).

Case No.: C 09-04051 MMC

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**



MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

## PURPOSE AND LIMITATIONS OF PROTECTIVE ORDER

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. In particular, the parties anticipate that in the course of litigating this case, the parties will request from one another and be compelled to disclose records and information containing confidential and proprietary business information about Plaintiff TABITHA TOTAH (hereinafter "Plaintiff) and/or Defendant LUCASFILM ENTERTAINMENT COMPANY LTD. (hereinafter "Defendant") or its agents, affiliates or contractors, and information about Defendant's employees, both past and present, which may contain personal and confidential identifying information subject to the right of privacy guaranteed by Article I, Section 1 of the California Constitution, and under other applicable law or public policy. Such records and information is properly the subject of a protective order, as contemplated by Federal Rule of Civil Procedure 26. Accordingly, the parties have agreed that certain information may be released in discovery subject to an agreement as to how such information may be handled during the course of this litigation and disclosed to others.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 11 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto through their undersigned counsel:

The following definitions and provisions shall apply to and govern this Stipulation and Protective Order:

1. "Confidential" information as used herein shall mean any document designated and marked "Confidential" by the party producing such documents provided that the information qualifies for protection under standards developed under F.R.Civ. P. 26(c).

(a) Each party or non-party that designates information or items as "Confidential" must take care to limit any such designation to specific material that qualifies under the appropriate standards.

(b) It is not necessary to challenge the propriety of a "Confidential" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that counsel objects at any stage of this litigation to the propriety of a designation by a party of any information as "Confidential" information, the parties shall first try to resolve such dispute in good faith on an informal basis. The party disputing confidentiality shall notify the party claiming confidentiality of its objections to that designation. The Producing Party shall then have five days to respond to said objections. If the parties are still unable to resolve the dispute, the matter shall be submitted to the Court by filing and serving a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Until the matter is heard and

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

decided by the Court, any documents designated “Confidential” shall remain subject to the restrictions of this Protective Order.

(c) If a dispute occurs over the designation, both parties agree not to disclose the information except in accordance with this Protective Order until the Court rules on the “Confidential” status of the information.

(d) All “Confidential” information provided or produced in this action shall be used solely for purposes related to this civil action entitled *TABITHA TOTAH v. LUCASFILM ENTERTAINMENT COMPANY, LTD., Does 1-20,* pending in United States District Court, Northern District of California, Case No. C 09-04051 MMC, except by further order of the Court.

(e) Neither copies of “Confidential” documents or things, or any portions thereof, nor any quotation, paraphrase or other description which conveys the "Confidential” documents shall be disclosed by Receiving Party to any person or used for any other purpose, except in accordance with the terms of this Protective Order or by further order of the Court.

2. “Producing Party” shall mean the party producing and designating the information as “Confidential.”

3. “Receiving Party” shall mean the party receiving the information designated “Confidential.”

4. “Qualified Persons” as used herein shall mean persons who are:

(a) The undersigned counsel and their employees, including without limitation, paralegals, secretaries, and clerical staff.

(b) Experts, independent contractors, consultants, or advisors (including, but not limited to neutrals assisting in any Alternative Dispute Resolution process) or who are employed or retained by or on behalf of the undersigned counsel or appointed by the Court to assist in analyzing the documents or information examined, provided that they sign an acknowledgement in the form of "Exhibit A" to this Order before reviewing any Confidential information.

(c) Stenographic reporters, videographers and/or tape transcribers who are involved in depositions or any hearings or proceedings before the Court in this case, or any adversarial proceeding arising in this case.

(d) Defendant and its employees.

(e) Witnesses to this action, provided that they sign an acknowledgment in the form of "Exhibit A" to this Order before reviewing any Confidential Information.

(f) The Court, subject to the procedures set forth in Civil Local Rule 79-5.

(g) Plaintiff.

5. "Confidential" information subject to this Protective Order may be used in the deposition of the parties. Counsel for the Producing Party may request that examination of the parties on "Confidential" information be separately transcribed and sealed in accordance with the mutual agreement of the parties.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

6. Any deposition or production of documents that will or might reasonably include disclosure of "Confidential" information shall be attended only by those persons entitled to receive "Confidential" information under this Protective Order. "Confidential" information shall not be disclosed to a deposition witness except in conformity with this Protective Order. Information not previously designated as "Confidential" that is disclosed at a deposition or production of documents may be designated by any party as "Confidential" information by indicating on the record at the deposition or the production of documents that the testimony or information is "Confidential" and subject to the provisions of this Protective Order.

7. In the event that the Receiving Party receives a subpoena or other legal process purporting to require production of "Confidential" information, the Receiving Party, notice is required prior to disclosure of "Confidential" information. Specifically, the disclosing party shall provide three (3) days' advance notice, in addition to statutory notice requirements, to allow objection by the Producing Party. If objection is made, the parties shall meet and confer, and if unable to resolve the dispute, the Producing Party may submit the dispute to the Court for resolution. When an objection is made, no disclosure is permitted until the dispute is resolved or by the Court's order.

8. Documents and things produced by a party pursuant to pretrial discovery may be designated by any party or parties as "Confidential" information by marking each page: "CONFIDENTIAL." In lieu of marking the original, if the original is not produced, the designating party may mark the copies that are produced to exchange. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation,

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

9. All transcripts, depositions, exhibits, answers to interrogatories, and other documents and things filed with the Court, which contain "Confidential" information as defined above, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed only with the agreement of the Producing Party or pursuant to Civil Local Rule 79-5.

10. If any party objects to disclosure of "Confidential" information to be made during the course of the trial of this matter, that party shall make a good faith effort to resolve the issue by meeting and conferring on the terms of disclosure, and if the parties are unable to agree, the matter shall be submitted to the Court for resolution.

11. Upon final termination of this civil action entitled, *TABITHA TOTAH v. LUCASFILM ENTERTAINMENT COMPANY, LTD., Does 1-20,* pending in United States District Court, Northern District of California, Case No. C 09-04051 MMC, by closure or otherwise, originals and copies of all materials and documents, in whatever form, constituting or including "Confidential" information shall be returned to the Producing Party within thirty (30) days following termination of the action. With permission in writing from the Producing Party, the Receiving Party may destroy some or all of the "Confidential" information instead of returning it. Whether the "Confidential" information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the thirty (30) day deadline that identifies (by category, where appropriate) all the "Confidential" information that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the "Confidential" information. Notwithstanding this

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain "Confidential" information. Any such archival copies that contain or constitute "Confidential" information remain subject to this Protective Order, as set forth in Paragraph 15.

12. The undersigned counsel shall have the duty to use reasonable care and precautions to ensure that any person under their control or the control of their client who is designated as a Qualified Person observes the terms of this Protective Order.

13. The restrictions set forth in any of the preceding paragraphs shall not apply to information that (a) was, is, or becomes public knowledge in a manner not in violation of this Order, or (b) was, or is, acquired in good faith from a third party, not a party to this litigation, having the right to disclose such information, or (c) was, or is, discovered independently by the Receiving Party.

14. Sanctions may be imposed on any individual granted access to "Confidential" information under this Order who uses such "Confidential" information for any purpose other than in connection with this action or in any manner which otherwise violates the terms of this Order.

15. Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs.

16. All parties who subsequently appear in this case will be subject to this Order.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

**IT IS SO STIPULATED.**

Dated: February 17, 2009

MILLER LAW GROUP
A Professional Corporation

By: /S/
Lisa C. Hamasaki
Attorneys for Defendant
LUCASFILM ENTERTAINMENT COMPANY LTD.

Dated: February 17, 2009

LAW OFFICES OF JODY A. MEISEL

By: ______________________
Jody A. Meisel
Attorneys for Plaintiff
TABITHA TOTAH

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: ______________________

______________________
The Honorable Maxine M. Chesney
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED.**

Dated: February 17, 2009

MILLER LAW GROUP
A Professional Corporation

By:__________________________
Lisa C. Hamasaki
Attorneys for Defendant
LUCASFILM ENTERTAINMENT COMPANY LTD.

Dated: February 17, 2009

LAW OFFICES OF JODY A. MEISEL

By: [signature]
Jody A. Meisel
Attorneys for Plaintiff
TABITHA TOTAH

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: February 19, 2010

[signature]
The Honorable Maxine M. Chesney
UNITED STATES DISTRICT JUDGE



MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

**EXHIBIT A**

**ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidentiality entered in this civil action entitled *TABITHA TOTAH v. LUCASFILM ENTERTAINMENT COMPANY, LTD., Does 1-20,* pending in United States District Court, Northern District of California, Case No. C 09-04051 MMC, that he/she understands the terms thereof, that he/she has been designated by ___________________________ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _________________________________________, and on behalf of the party who designated him/her as a "Qualified Person", agrees to be bound by such Protective Order, and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court.

DATED: ________________________, 20___.

_____________________________________________
(signature)

_____________________________________________
(print name)

4850-1015-5525, v. 1