United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    TABITHA TOTAH                              No. C 09-4051 MMC

12              Plaintiff,                       **ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR LEAVE TO FILE FIRST AMENDED
13       v.                                      COMPLAINT**

14    LUCASFILM ENTERTAINMENT
      COMPANY, LTD., and DOES 1-20,
15
                Defendants.
16    _____/

17

18         Before the Court is plaintiff Tabitha Totah's ("Totah") Motion for Leave to File First

19    Amended Complaint, filed May 28, 2010, by which Totah seeks to add three new causes of

20    action and two new individual defendants.  Defendant Lucasfilm Entertainment Company,

21    Ltd. ("Lucasfilm") has filed opposition, to which Totah has replied.[1]  Having read and

22    considered the papers filed in support of and in opposition to the motion, the Court rules as

      follows.
23
                           **FACTUAL AND PROCEDURAL BACKGROUND**
24
           On July 30, 2009, Totah filed her Complaint in the instant action in state court; on
25
      September 1, 2009, Lucasfilm removed the action to federal court.  Totah alleges in her
26
      Complaint that she was employed by Lucasfilm from September 2004 to March 2009 (see
27

28         _____
              [1]On June 28, 2010, Totah filed an errata to her reply brief wherein she "delete[d] the
      erroneously filed and served miscellaneous pages 5-21."  (See Errata to Reply at 1.)

1  Compl. ¶¶ 7, 33), and that she was disciplined, subjected to a hostile work environment,

2  and terminated based on her "Arab ancestry," her gender, and/or in retaliation for her

3  complaints of discrimination.  (See, e.g., Compl. ¶¶ 41, 52, 74, 84, 95, 98, 124, 141, 149.)[2]

4        Additionally, Totah alleges she was the subject of false reports made to Lucasfilm.

5  In that regard, Totah alleges that on June 9, 2008 she was informed by Casey Collins

6  ("Collins"), one of her supervisors, that Collins had received a report that Joanee Honour

7  ("Honour"), a Lucasfilm employee, had described Totah as "an angry drunk."  (Compl. ¶

8  22.)  Totah further alleges that on February 24, 2009, during a meeting with Collins and her

9  other supervisor, Paul Southern ("Southern"), she was informed they "had received

10  feedback that she had engaged in 'inappropriate sexual relations with partners,'" and that

11  said report was based on the same circumstances as the earlier report.  (See Compl. ¶ 28.)

12  Thereafter, Totah called Don Bies ("Bies"), an independent contractor for Lucasfilm, and

13  asked him whether he was the source of the "inappropriate sexual relations" report; Bies

14  denied that he was the source.  (See Compl. ¶ 31.)  Totah alleges that shortly thereafter

15  she was informed that she had been fired because of her telephone call to Bies.  (See

16  Compl. ¶¶ 33, 34.)

17        In her Complaint, Totah alleges twelve causes of action against Lucasfilm: (1)

18  "Employment Discrimination - Wrongful Termination - Ancestry (FEHA)" ("First Cause of

19  Action"); (2) "Employment Discrimination - Wrongful Termination - Ancestry (Title VII)"

20  ("Second Cause of Action"); (3) "Sexual Harassment - Hostile Work Environment (FEHA)"

21  ("Third Cause of Action"); (4) "Sexual Harassment - Hostile Work Environment (Title VII)"

22  ("Fourth Cause of Action"); (5) "Sex Discrimination (FEHA)" ("Fifth Cause of Action"); (6)

23  "Sex Discrimination (Title VII)" ("Sixth Cause of Action"); (7) "Unlawful Retaliation (FEHA)"

24  ("Seventh Cause of Action"); (8) "Unlawful Retaliation (Title VII)" ("Eighth Cause of Action");

25  (9) "Failure to Prevent Discrimination, Harassment & Retaliation (FEHA)" ("Ninth Cause of

26   

27        [2]In Totah's Complaint, the numbering of paragraphs following ¶ 140 is restarted
several times.  (See Compl. at 26-29.)  The Court's citation herein to paragraphs in the

28  Complaint following ¶ 140 is to the applicable paragraph number had Totah correctly and
sequentially numbered those paragraphs.

1    Action"); (10) "Wrongful Termination in Violation of Public Policy (Common Law)" ("Tenth

2    Cause of Action"); (11) "Retaliation in Violation of Public Policy (Common Law)" ("Eleventh

3    Cause of Action"); and (12) "Intentional Infliction of Emotional Distress" ("Twelfth Cause of

4    Action").  See Compl.

5          On December 11, 2009, the Court entered a Pretrial Preparation Order setting

6    Totah's case for jury trial on February 7, 2011.  (See Pretrial Preparation Order, filed Dec.

7    11, 2009, at 1.)  The order also established February 5, 2010 as the deadline to amend the

8    pleadings, and August 27, 2010 as the deadline for completion of non-expert discovery.

9    (See id.)  The parties subsequently engaged in written discovery through mid-February

10   2010, and as of March 3, 2010 had conducted seven depositions, including those of

11   Collins, Honour, Bies, and Totah.  (See Declaration of Lisa C. Hamasaki In Opposition to

12   Plaintiff's Motion ("Hamasaki Decl.") ¶¶ 5-12.)  Thereafter, on April 14, 2010, the Court,

13   pursuant to the parties' stipulation, dismissed Totah's First, Second, and Tenth Causes of

14   Action, thereby removing from the case all claims based on Totah's ancestry.  (See

15   Stipulation and Order, filed Apr. 14, 2010, at 1.)

16         On May 28, 2010, Totah filed the instant motion.  Totah seeks thereby to file a First

17   Amended Complaint ("FAC") adding three new causes of action against Lucasfilm,

18   specifically: (1) "Defamation"; (2) "Breach of the Implied Covenant of Good Faith and Fair

19   Dealing"; and (3) "Wrongful Termination in Violation of Public Policy (Common Law)."  (See

20   Declaration of Jody Meisel in Support of Plaintiff Tabitha Totah's Notice of Motion and

21   Motion for Leave to File First Amended Complaint ("Meisel Decl.") Ex. A, ¶¶ 115-147.)

22   Additionally, Totah seeks to add Honour and Bies as defendants to the action, specifically

23   by adding them to her existing Twelfth Cause of Action for intentional infliction of emotional

24   distress (id. ¶¶ 156-162) and including them in her proposed defamation claim (id. ¶ 115-

25   130).  Totah asserts she "did not gain knowledge of the wrongful acts by Lucasfilm, Don

26   Bies and Joanee Honour" giving rise to her proposed amendments "until the depositions

27   were conducted in this case, seven depositions between February 11, 2010 and March 3,

28

3

1  2010."[3]  (Amended Reply at 1.)

2  **LEGAL STANDARD**

3  The issue presented by the instant motion is whether Totah should be allowed to file

4  an amended complaint after the court-ordered deadline for amending the pleadings has

5  passed.  A party seeking to amend a pleading after the date specified in a scheduling order

6  must first show "good cause" for amendment under Rule 16 of the Federal Rules of Civil

7  Procedure, and then, if "good cause" is shown, must demonstrate such amendment is

8  proper under Rule 15.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608

9  (9th Cir. 1992) (noting "[o]nce the district court had filed a pretrial scheduling order

10  pursuant to [Rule] 16 which established a timetable for amending pleadings[,] that rule's

11  standards controlled"); see also Fed. R. Civ. P. 16(b)(4) (providing pretrial "schedule may

12  be modified only for good cause and with the judge's consent").  Consequently, in order to

13  amend her complaint, Totah must, in the first instance, show good cause.

14  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

15  seeking the amendment."  Johnson, 975 F.2d at 609.  A "district court may modify the

16  pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking

17  the extension.'"  Id. (quoting advisory committee's notes (1983 amendment)).  "Good cause

18  may be found to exist where the moving party shows that it diligently assisted the court with

19  creating a workable scheduling order, that it is unable to comply with the scheduling order's

20  deadlines due to matters that could not have reasonably been foreseen at the time of the

21  issuance of the scheduling order, and that it was diligent in seeking an amendment once it

22  became apparent that the party could not comply with the scheduling order."  Kuschner v.

23  Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).  If the moving party "was not

24  diligent, the inquiry should end."  Johnson, 975 F.2d at 609 (distinguishing "Rule 15(a)'s

25

26  [3]According to Totah, the depositions of the following individuals have been
completed: Howard Roffman, "President of Lucas Licensing"; Don Bies, "former Lucasfilm

27  employee, current contract employee"; Paul Southern, "Plaintiff's supervisor[]"; Casey
Collins, "Plaintiff's supervisor[]"; Joanee Honour, Lucasfilm "archivist"; and Janetta Wood,

28  "Human Resources Manager."  (Meisel Decl. ¶ 8.)  Totah's deposition has been taken in
part but has not been completed.  (Id. ¶ 7.)

1  liberal amendment policy which focuses on the bad faith of the party seeking to interpose

2  an amendment and the prejudice to the opposing party"; noting for purposes of Rule 16,

3  "[a]lthough the existence or degree of prejudice to the party opposing the modification

4  might supply <u>additional</u> reasons to deny a motion, the focus of the inquiry is upon the

5  moving party's reasons for seeking modification") (emphasis added).  To hold otherwise

6  "would undermine the court's ability to control its docket, disrupt the agreed-upon course of

7  the litigation, and reward the indolent and the cavalier."  <u>Id.</u> at 610.

8          As noted, if the moving party is able to satisfy the good cause standard under Rule

9  16, it next must demonstrate the proposed amendment is proper under Rule 15.  <u>See</u>

10  <u>Johnson</u>, 975 F.2d at 608.  Under Rule 15, leave to amend should be "freely give[n] . . .

11  when justice so requires."  <u>See</u> Fed. R. Civ. P. 15(a); <u>see also</u> <u>DCD Programs, Ltd. v.</u>

12  <u>Leighton</u>, 833 F.2d 183, 185 (9th Cir. 1987) (noting leave to amend under Rule 15 lies

13  "within the sound discretion of the trial court").  In determining whether to grant leave to

14  amend under Rule 15, the court considers whether the amendment is sought in bad faith,

15  whether it would cause undue delay, whether amendment would prejudice the opposing

16  party, and whether the proposed amendment would be futile.  <u>See</u> <u>id</u>.

17                                    **DISCUSSION**

18  **A.     "Good Cause" Based on Assertedly Newly-discovered Facts**

19          Totah does not contend the court's scheduling order was not "workable" when

20  issued, <u>see</u> <u>Kuschner</u>, 256 F.R.D. at 687, and concedes that Rule 16 applies to her motion

21  in the first instance.  (<u>See</u> Mot. at 9-10.)  As noted, Totah argues she has made the

22  requisite showing of good cause based on recently-discovered facts.  In particular, Totah

23  argues, she discovered in the course of taking depositions she "was fired because she had

24  a reputation for 'sleeping around'" (<u>see</u> Mot. at 12:21-23), Bies "was the one who spread

25  the defamatory statements about [her] sex life" (<u>id</u>. at 11:9-10), and there was "internal and

26  external publication of the false and slanderous statements made by Bies and Honour" (<u>id</u>.

27  at 12:23-13:2).  Totah contends these assertedly newly-discovered facts support her

28

1   proposed new causes of action for wrongful termination[4] and defamation, as well as her

2   proposed addition of Bies and Honour as defendants.  Lucasfilm argues, inter alia, that

3   Totah has failed to demonstrate good cause because "although Totah may have learned

4   more detail in the course of taking depositions about precisely what was said and to whom,

5   the basic claims underlying her 'new' allegations were set forth in her original . . .

6   Complaint."  (See Opp. at 8.)  As discussed below, the Court agrees.[5]

7       **1.    Allegation That Totah Was Fired Because of Her "Reputation"**

8           Although Totah argues that, prior to the above-referenced depositions, she was not

9   aware she was terminated for having a "reputation for sleeping around" (see Mot. at 12:21-

10  23), Totah concedes that "[t]he facts in the initial complaint include a termination for

11  sleeping around."  (See Mot. at 6:19-20; see also Compl. ¶¶ 22, 28 (alleging conversations

12  with Collins regarding excessive drinking and improper sexual relations); id. ¶ 35 (alleging

13  Collins' statement that Totah was fired because Totah "couldn't get past [her] issues" and

14  "needed to be taught a lesson"); id. ¶¶ 84, 95 (alleging gender discrimination based on

15  "discipline for acts . . . for which similarly situated male employees are not punished").

16          Totah fails to explain why good cause exists to amend based on facts and theories

17  she admits were already encompassed by her original Complaint.  Cf. Acri v. International

18  Association of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986)

19  (noting even under liberal Rule 15's standard, "late amendments to assert new theories are

20  not reviewed favorably when the facts and the theory have been known to the party

21  seeking amendment since the inception of the cause of action").

22          Moreover, although Totah asserts she filed the instant motion "at the first possible

23  opportunity upon learning of additional facts and potential individual defendants" (see

24  ───────────────

25      [4]Although Totah does not expressly argue that any of the assertedly new facts
    support her proposed cause of action for breach of the covenant of good faith and fair
26  dealing, to the extent such cause of action is predicated on an allegation that she was
    terminated on the basis of the above-discussed accusations, the Court construes the
27  above-referenced argument as made in support of adding such claim as well.

28      [5]In light of this finding, the Court does not address herein Lucasfilm's additional
    arguments in support of its opposition.

1   Amended Reply at 2:7-8), she fails to explain why she waited until the end of May, three

2   months after the above-referenced depositions, to bring the instant motion to amend.[6]  In

3   the absence of any such explanation, Totah has not demonstrated she "was diligent in

4   seeking an amendment once it became apparent that [she] could not comply with the

5   scheduling order's" deadline for amending the pleadings.  See Kuschner, 256 F.R.D. at

6   687.

7       Accordingly, Totah has failed to show good cause exists to amend her Complaint to

8   add new causes of action or new parties based on the above-referenced assertedly new

9   facts.

10      **2.    Allegation That Bies Made Defamatory Statements About Totah**

11      Totah argues that on February 24, 2010, after the deadline to amend had passed,

12  she discovered that Bies "was the one who [made] the defamatory statements about

13  Totah's sex life" and, specifically, that Totah was "'sleeping around' while traveling on

14  company business" and "'who' she was sleeping with."  (See Mot. at 10-11.)

15      As discussed above, for purposes of determining the question of good cause, the

16  relevant inquiry under Rule 16 is whether Totah was unable to meet the deadline to amend

17  the pleadings "because of the development of matters which could not have been

18  reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference," and

19  whether Totah " was diligent in seeking amendment of the Rule 16 order, once it became

20  apparent she could not comply with the order."  See Jackson v. Laureate, Inc., 186 F.R.D.

21  605, 608 (E.D. Cal. 1999).  Totah, however, fails to submit any cogent argument as to why

22  it was not reasonably foreseeable that Bies likely was a source of the allegedly defamatory

23

24      [6]Totah's counsel states she attempted to secure a stipulation to file the FAC (see
25  Meisel Decl. ¶¶ 14-23, 25), but does not argue any significant delay in her filing the instant
    motion can be attributed to that inquiry.  Indeed, there is little likelihood of any such
26  argument proving persuasive, given opposing counsel's immediate and adamant rejection
    of Totah's proposal.  (See Meisel Decl. Ex.2 (stating Lucasfilm and the proposed new
27  defendants "will not enter into such a stipulation"; further stating "if you insist on filing a
    baseless and frivolous motion to amend to add Plaintiff's new claims, we will seek
28  sanctions under Rule 11 . . . ."); see also id. (stating "there is no legal or factual basis for
    these new claims" and setting forth law relevant to Rule 11 sanctions).)

statements, given that the allegations in her Complaint strongly implicate Bies (see, e.g., Compl. ¶¶ 31-34), or why she did not take discovery relevant thereto before the deadline to amend the pleadings.  See, e.g., Irise v. Axure Software Solutions, Inc., 2009 WL 3615973, *3 (C.D. Cal. July 30, 2009) (finding moving party's argument asserting "recently discovered" facts insufficient to show good cause for amendment to add new claims where party "was not diligent in seeking discovery on [those] issues").  Totah's Complaint demonstrates that, at a minimum, she had sufficient knowledge to seek discovery from either Lucasfilm or Bies as to whether Bies was the source of the allegedly false reports. The record before the Court, however, reflects no effort by Totah to seek such discovery before the deadline to amend had passed.  Further, Totah again fails to explain why she waited three months after the completion of Bies' deposition to file the instant motion.

Accordingly, Totah has failed to show good cause exists to amend her Complaint to add new causes of action or to add Bies as an individual defendant based on the above-referenced assertedly new facts.

### 3.    Allegation of "Internal and External Publication" of Bies' and Honour's Statements

Totah argues that in the course of discovery, she first learned of the "internal and external publication of the false and slanderous statements made by Bies and Honour." (See Mot. at 12-13.)  In particular, as to Bies, Totah argues that she did not learn until the above-referenced depositions that: (1) Bies made false statements regarding Totah to Stacy Cheregotis, Director of Product Development at Lucasfilm; (2) Cheregotis reported the statements to Howard Roffman, President of Licensing; and, (3) Roffman called Bies directly regarding the statements.  (See Mot. at 10-12.)  Even assuming, however, Totah, at the time she filed her Complaint, was not fully apprised of the extent of publication, Totah, as discussed above, has not shown she was diligent in seeking earlier discovery as to Bies' involvement in the allegedly false reports or in brining the instant motion.

As to Honour, Totah, in her motion, fails to identify any new facts discovered in the above-referenced depositions, nor does she explain why she did not include in her

Complaint a cause of action for defamation based on Honour's defamatory statement about Totah's excessive drinking as alleged therein.  (See Compl. ¶ 22 (identifying Honour as source of "angry drunk" report).)  Although Totah, in her proposed FAC, has added allegations that Honour made false statements about Totah "directly to Howard Roffman, Casey Collins and/or Paul Southern and passed on to others within and outside the Lucasfilm organization" (see FAC ¶ 116, 117), to the extent any such elaboration may be based on information obtained in the above-referenced depositions, Totah, as discussed above with respect to Bies, nonetheless has not shown good cause under Rule 16.  In particular, Totah has not shown she was diligent in seeking discovery before the deadline to amend the pleadings or in bringing the instant motion after she became aware of new facts.

Accordingly, Totah has failed to show good cause exists to amend her Complaint to add new causes of action or new parties based on the above-referenced assertedly new facts.

**B.**     **Prejudice to Lucasfilm and the Proposed Individual Defendants**

Lucasfilm argues that it would be prejudiced if the Court grants Totah leave to file an amended complaint because "adding the newly proposed claims as well as the newly proposed defendants will force Lucasfilm to reopen depositions, to initiate further written discovery, . . . and generally to expend significant time and resources addressing these new causes of action and allegations." (See Opp. at 10:7-11 (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989) (finding "[t]o put [defendant] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery would cause undue prejudice") (internal quotation and citation omitted)).)  Lucasfilm also argues that Bies and Honour would be prejudiced because they would "be required to expend significant time and resources conducting discovery and preparing their individual defenses." (Opp. at 10:20-11:1.)  Totah does not address Lucasfilm's arguments directly but, rather, contends generally that "[e]ven if there is or has been delay [in bringing the instant motion], it has not and will not prejudice Defendants."

9

(See Amended Reply at 2:9-11.)

Given the nature of the factual showing necessary to support, as well as to defend against, Totah's proposed new causes of action against Lucasfilm, Bies, and Honour, leave to amend to add such claims would, in all probability, expand the existing case well beyond its present boundaries.  In particular, the truth or falsity of the alleged accusations as to Totah's drinking habits and sexual conduct would require an exploration into Totah's behavior and relationships both within and outside the workplace that otherwise would not be relevant, and would further complicate the action by the inclusion of numerous legal issues not otherwise implicated by the current pleadings.

The Court, however, need not find make a finding as to whether Lucasfilm, Bies, and Honour would suffer prejudice.  As discussed above, the failure to show good cause under Rule 16 is fatal to Totah's motion.  See Johnson, 975 F.2d at 609, 610 (holding "[i]f [the moving] party was not diligent, the inquiry should end"); id. at 610 (noting that "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril") (internal quotation and citation omitted); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (holding prejudice to opposing party "not required under Rule 16(b)").

**CONCLUSION**

For the reasons stated above, Totah's motion for leave to file an amended complaint is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 9, 2010

MAXINE M. CHESNEY
United States District Judge

10