IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABITHA TOTAH<br><br>        Plaintiff(s),<br><br>   v.<br><br>LUCASFILM ENTERTAINMENT COMPANY LTD., Does 1-20,<br><br>        Defendant(s).                        / | No. C-09-4051 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT; VACATING HEARING** |

      Before the Court is plaintiff Tabitha Totah's ("Totah") Motion, filed January 13, 2011, for Reconsideration of Order Granting Summary Judgment. Defendant Lucasfilm Entertainment Company ("Lucasfilm") has filed opposition, to which Totah has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for February 25, 2011, and rules as follows.

      By the instant motion, Totah seeks reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment, issued December 16, 2010 ("Order"). Rule 60 of the Federal Rules of Civil Procedure lists the grounds on which reconsideration may be based. See Fed. R. Civ. P. 60(b). Totah moves for reconsideration pursuant to Rule 60(b)(6) (see Mot. 1:5-6), a "catchall provision" providing for reconsideration for "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(6); Liljeberg v. Health Serv.

1  Acquisition Corp., 486 U.S. 847, 864 & n.11 (1988) (noting "clause (6) and clauses (1)
2  through (5) are mutually exclusive").

3  Only "extraordinary circumstances" may constitute an "other reason that justifies"
4  reconsideration. See Liljeberg, 486 U.S. at 864 & n.11 (finding "extraordinary
5  circumstances" warranting reconsideration of order where issuing judge had undisclosed
6  conflict of interest); Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,
7  791 F.2d 1334, 1338 (9th Cir. 1986) (finding extraordinary circumstances not shown where
8  defendant raised purported errors in (1) court's ruling on materiality of statements in fraud
9  action, (2) court's conclusion defendant "did not use due diligence in discovery evidence of
10 fraud", (3) court's "refusal to allow [defendant] to depose [witness]," (4) court's
11 consideration of "incompetent testimony of . . . declarants," and (6) court's "failure to hold
12 an evidentiary hearing").  Although "errors of law are cognizable under Rule 60(b)," In re
13 International Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007) (upholding reconsideration
14 under Rule 60(b)(6) where prior order granted relief contrary to statute), "[a] motion for
15 reconsideration is not a vehicle to reargue the motion or to present evidence which should
16 have been raised before," U.S. v. Westlands Water Dist., 134 F. Supp. 2d 111, 1131 (E.D.
17 Cal. 2001); see, e.g., Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d
18 873, 880-81 (9th Cir. 2009) (finding no abuse of discretion in district court's denial of
19 reconsideration where plaintiff could have submitted evidence "before the district court
20 made its decision"; holding "[a] motion for reconsideration may not be used to raise
21 arguments or present evidence for the first time when they could reasonably have been
22 raised earlier in the litigation" (emphasis in original)); Hen v. City of L.A., 244 F. App'x 794,
23 797 (9th Cir. 2007) (finding no abuse of discretion in district court's denial of
24 reconsideration; noting "a motion for reconsideration is not a means to reargue a previous
25 position").

26 Here, Totah's motion for reconsideration is premised on a variety of arguments, all
27 but two of which were addressed in detail in the Order and found unpersuasive by the
28

1 Court. Totah's earlier arguments have gained no persuasive force in the interim.[1] Totah's
2 remaining two arguments were not addressed in the Order for the reason that they were
3 not raised prior to its issuance, and, consequently, as there is no reason they could not
4 have been so raised, are not entitled to consideration in the first instance at this time. See
5 Maryln Nutraceuticals, 571 F.3d at 880-81. Accordingly, the motion will be denied.

Further, even if the Court were to consider Totah's new arguments, the Order would remain unchanged. First, Totah's newly framed reliance on Lucasfilm's Employee Handbook to show pretext is unavailing.[2] As discussed in the Order, Totah failed to make a prima facie case of either discrimination or retaliation. Moreover, the Handbook, contrary to Totah's characterization thereof, does not provide a right to confront Bies, i.e., to confront a non-employee who has lodged a complaint about an employee's behavior and who wishes to remain anonymous. (See Mot. at 16:11-13 (citing Handbook section: "Any employee who believes they have been harassed or discriminated against are [sic] encouraged to speak directly to the people involved.").  Second, there is no merit to Totah's argument, likewise made for the first time by way of the instant motion, that a private conversation, in which Totah's supervisors informed her of complaints concerning her conduct, constituted an act of sexual harassment, and the authority cited by Totah for such proposition is clearly distinguishable. See, e.g., Howley v. Town of Stratford, 217 F.3d 141, 154 (2d Cir. 2000) (noting coworker "made his obscene comments . . . at length, loudly, and in a large group in which [plaintiff] was the only female and many of the men were her subordinates" and "verbal assault included charges that [plaintiff] had gained her office of

---

[1] In rearguing the matter, Totah mischaracterizes the Court's discussion of her communication with Don Bies. (See Mot. 3:20-23.) The Court did not "weigh" the parties' evidence, but relied on Totah's admitted communication with Don Bies, Bies's uncontroverted testimony that he took Totah's statement as a "veiled threat," and Howard Roffman's uncontroverted testimony that Bies told Roffman that Totah had threatened Bies. Whether Totah's communication was in fact a threat, or intended as such, was and is irrelevant to the Court's decision.

[2] Totah previously argued she had a right under the Handbook to speak to Roffman and Human Resources. (See Opp. to Mot. for Summ. J. 14-16.) The Court found the record contained no evidence showing Totah intended thereby to complain about disparate treatment. (See Order 15 & n.23.)

3

1 lieutenant only by performing fellatio").

Accordingly, the Motion for Reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 23, 2010

MAXINE M. CHESNEY
United States District Judge